# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND, <br><br> Plaintiffs, <br><br> v. <br><br> V & H EXCAVATING CO., INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) CAUSE NO.: 2:15-CV-109-TS ) ) ) ) ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Default Judgment [ECF No. 7], filed pursuant to Federal Rule of Civil Procedure 55(b)(2). The Plaintiffs obtained an entry of default against the Defendant and now seek default judgment in the amount of $5,481.14 as the amount that is authorized by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(g), and the parties' governing agreements.

## PROCEDURAL BACKGROUND

On March 20, 2015, the Plaintiffs, Trustees of the Teamsters Union Local No. 142 Pension Fund, Training and Apprenticeship Trust Fund, and Annuity Fund ("Funds"), filed a Complaint [ECF No. 1] against the Defendant, seeking employer contributions for the Funds pursuant to a collective bargaining agreement between the Defendant and the Teamsters Union Local No. 142, which represents employees of the Defendant. The Plaintiffs brought their Complaint under ERISA, 29 U.S.C. § 1132(a)(3), (e)(1), and (f), and Section 301(a) of the Labor

Management Relations Act of 1947 (LMRA), as amended, 29 U.S.C. § 185(a).

Following an application for entry of default, on April 20, 2015, the Clerk entered a Default [ECF No. 6] against the Defendant pursuant to Federal Rule of Civil Procedure 55(a) because the Defendant had failed to plead or otherwise defend. On April 23, 2015, the Plaintiffs filed a Motion for Default Judgment [ECF No. 7] and Memorandum of Law in Support [ECF No. 8], requesting the entry of default judgment in the amount of $5,481.14. The Plaintiffs submitted the affidavit of Jay Smith, with attached documents in support of their request. Smith is the manager of the Funds, and is responsible for the collection of employer contributions. Additionally, in support of their request for attorney's fees and costs, the Plaintiffs submitted the affidavit of Teresa A. Massa with an attached invoice. Massa is the attorney representing the Plaintiffs in this matter.

## ANALYSIS

Rule 55, which governs the entry of default and the entry of default judgment, creates a two-step process: "the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) (stating that there is "a clear distinction between the entry of default and the entry of a default judgment."). The first step is satisfied when the clerk enters a party's default because it has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."

*Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). The second step—the entry of default judgment that is anticipated by subsection (b) of the Rule—may only be entered against "a defendant who has been defaulted." Fed. R. Civ. P. 55(b).

Rule 55(b) contemplates that, after default is entered, a party must apply to the court for a default judgment when the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, and the court may then render default judgment. The Seventh Circuit has made the following observation regarding the determination of the amount of damages after a party has defaulted in defending against a lawsuit:

> Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.

*In re Catt*, 368 F.3d at 793 (citation and quotation marks omitted).

According to the Complaint, the Defendant is bound by a collective bargaining agreement ("CBA") that requires it to make periodic contributions on behalf of its employees to the Funds in amounts established by the CBA. As a signatory to the CBA, the Defendant is also bound by a Restated Agreement and Declaration of Trust ("Trust Agreement"). The Trust Agreement grants the Plaintiffs the power to demand and collect contributions and to take any and all steps that may be necessary or desirable to effectuate the collection or preservation of contributions or other money. If the employer is delinquent in making contributions, it must, according to the Trust Agreement, pay interest and all expenses of collection, including costs and attorney's fees. The Plaintiffs have the authority to assess liquidated damages against the employer who is delinquent in making contributions. The Defendant in this case violated its obligations under the CBA and the Trust Agreement when it failed to provide, in a timely

manner, its required contributions for June 2014 through December 2014.

As to the applicable law, ERISA provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>     (I) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). The interest and liquidated damages provisions of ERISA apply to contributions that are unpaid at the date of suit. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001). A trustee may also enforce—albeit not under ERISA—a plan's provisions imposing interest and liquidated damages on late contributions paid before the date of suit. *Id.* (finding that although the defendant paid late contributions before suit was filed, "their lateness violated the terms of the plan, thus entitling the fund to enforce the plan's provisions imposing interest and liquidated damages" as

applicable under federal common law).

A.      Calculation of Damages—Interest on Contributions, and Liquidated Damages

The Plaintiffs have provided several evidentiary items to support the calculation of damages contained in their Motion for Default Judgment. According to the Plaintiffs, the Defendant failed to provide, in a timely manner, required contributions to the Funds for June 2014 through December 2014. In January 2015, the Defendant paid the late contributions for June 2014 ($1,015.61 to the Pension Fund, $45.80 to the Training and Apprenticeship Trust Fund, and $435.10 to the Annuity Fund). Then, on March 30, 2015—10 days after the lawsuit was filed—the Defendant paid the late contributions for July 2014 through December 2014, which totaled $15,050.11 ($10, 213.81 to the Pension Fund, $460.60 to the Training and Apprenticeship Trust Fund, and $4,375.70 to the Annuity Fund). The Trust Agreement and the Employer Contribution Collection Policy require the Defendant to pay 10 percent per annum interest on any unpaid contributions, to pay liquidated damages in the sum of 20 percent of the total amount due, and to pay attorney's fees and costs. Smith prepared a report to calculate interest, which totaled $608.50 ($413.09 for the Pension Fund, $18.48 for the Training and Apprenticeship Trust Fund, and $176.93 for the Annuity Fund). If the contribution amounts are correct, an additional $3,010.02 ($15,050.11 x 20%) is due to the Plaintiffs as liquidated damages.

The Court finds that the affidavits and related exhibits adequately substantiate the amount of interest on the delinquent contributions for the period from June 2014 to December 2014, and liquidated damages on the delinquent contributions for the period from July 2014 to December

5

2014. The Defendant has not presented competing documents or evidence to put the amounts in dispute. The Court can rely on the definite figures contained in the documentary evidence and the detailed affidavits.

B.    Attorney's Fees and Costs

ERISA requires a court to award reasonable attorney's fees and costs to a prevailing fiduciary in an action to collect delinquent contributions. 29 U.S.C. § 1132(g)(2). The amount of attorney's fees and costs for collections efforts in this matter total $1,862.62, and are supported by the affidavit of the attorney who performed the work and by attached invoices. (Aff. of Attorney's Fees, ECF No. 8-8; Invoice, ECF. No. 8-9.) The number of hours expended, 7.2 hours, multiplied by Attorney Massa's hourly rate of $200 results in $1,440.00 in attorney's fees. *See Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004) (noting that a reasonable fee can be calculated using the "lodestar" method, which is the "product of an attorney's reasonable hourly rate and the number of hours reasonably expended"). Attorney Massa states that her rate is a negotiated rate and that her firm believes it is below the usual and customary fee charged for the type of work involved in this case. Smith, the fund manager, states in his affidavit that he believes the bill received for attorney's fees is reasonable. The invoice shows that $422.62 was charged for the federal filing fee and postage charges. The total amount invoiced for legal services and costs is $1,862.62.

The Court finds that $1,440.00 in attorney's fees is reasonable. The invoice identifies the identity of the attorney providing the services, the date the work was performed, the number of hours expended on the tasks, and the nature of the work performed for each billing entry.

Further, the total time that was expended for the reported tasks does not appear to be unreasonable or unnecessary such that any reduction is warranted.

However, postage costs are not generally recoverable as costs. *See Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217–18 (7th Cir. 1975) (discussing costs in the 28 U.S.C. § 1920 context). The invoice includes $22.62 in postage charges. Because the Court finds it reasonable to apply the 28 U.S.C. § 1920 categories of costs to be taxed in the context of this case, the Court will deduct these charges. The only cost that is recoverable and adequately supported by the record is the $400.00 filing fee, and therefore, the remaining $22.62 requested as costs will be excluded.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Default Judgment [ECF No. 7] is GRANTED. The Court ORDERS that judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of $5,458.52, which represents interest on delinquent contributions, liquidated damages, attorney's fees and costs.

SO ORDERED on July 27, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION